KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
KATHERINE B. DOWLING (CSBN 220767)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6833
    Facsimile: (415) 436-7169
    E-mail: katherine.dowling@usdoj.gov

Attorneys for Defendant

Brad Yamauchi, Esq. (SBN 73245)
Jessica Christensen, Esq. (SBN 229973)
Allyson Fenton, Esq.(SBN 230703)
MINAMI, LEW & TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA  94108
(415) 788-9000
Fax (415) 398-3887

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD ANDRESEN, | No. C 05 00218 SBA |
| Plaintiff, | **STIPULATION OF COMPROMISE SETTLEMENT AND ORDER** |
| vs. | |
| JOHN E. POTTER, Postmaster General, United States Postal Service, | |
| Defendant. | |

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, be settled and compromised on the following terms:

    1. In full and final settlement of all claims in connection with the above-captioned action, defendant shall pay plaintiff a total sum of ten thousand ($10,000) dollars in damages, attorneys

STIPULATION OF COMPROMISE SETTLEMENT AND PROPOSED ORDER
No. C 05 00218 SBA    1

fees and costs.  There shall be no withholding from this amount.  Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between plaintiff and the IRS.  The check will be made payable to Edward Andresen and Minami, Lew & Tamaki, LLP, and will be mailed to plaintiff in care of his counsel.

    2.  The parties agree that the cash amount described in Paragraph 1, above, is in exchange for plaintiff releasing and dismissing all claims for compensatory and special damages, back pay, front pay, interest, attorneys' fees, costs, restitution, reinstatement and any other form of legal or equitable recovery relating to his employment with the United States Postal Service.  The parties understand that this amount includes full satisfaction of all claims for attorneys' fees and costs arising from work performed by plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO complaints which are currently pending.

    3.  Plaintiff will accept the terms described in Paragraphs 1 and 2 in full settlement and satisfaction of any and all claims and demands which he, his successors or assignees may now have or hereafter acquire against Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers, on account of the events described in Plaintiff's pleadings in these actions, or as a result of any other action or conduct by the United States Postal Service, their past and present officials, agents, employees, attorneys, or insurers that occurred prior to the execution of this Agreement.

    4.  In consideration of this Agreement and the payment of the foregoing amount thereunder, Plaintiff agrees that upon receipt of  the settlement check, Plaintiff's counsel will deliver to Defendant's counsel a fully executed Stipulation for Dismissal with prejudice of the above-captioned action, pursuant to Fed. R. Civ. P. 41(a)(1) .

    5.  Plaintiff hereby releases and forever discharges Defendant, the United States Postal Service, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or

unsuspected, at law or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from or relate to his employment with the United States Postal Service.

    6. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

    7. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

    8. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in plaintiff's complaints in these actions.

    9. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold harmless the United States Postal Service from any liability it incurs from any government agency arising out of any failure by Plaintiff to pay for any liability she might incur from any government agency.

    10. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his

original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

11. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. It is acknowledged that the parties hereto have, through their respective counsel, mutually participated in the preparation of this Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or its attorney.

12. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

13. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

//
//
//
//
//
//
//
//

//

14. Each party, and counsel for each party, have reviewed this agreement. Accordingly, the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this agreement.

DATED: May ___, 2006                          _____
                                              EDWARD ANDRESEN
                                              Plaintiff

DATED: May ___, 2006                          _____
                                              BRAD YAMAUCHI, ESQ.
                                              JESSICA CHRISTENSEN, ESQ.
                                              MINAMI, LEW & TAMAKI, LLP
                                              Attorneys for Plaintiff

DATED: May ___, 2006                          _____
                                              KATHERINE B. DOWLING
                                              Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 6/21/06                                /s/ Saundra B. Armstrong
                                              _____
                                              HON. SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

STIPULATION OF COMPROMISE SETTLEMENT AND PROPOSED ORDER
No. C 05 00218 SBA                              5